IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT, ET AL., <br><br> *Plaintiffs,* <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., ET AL. <br><br> *Defendants.* | No. 3:19-cv-00710 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SANDOZ AG'S MOTION TO RECONSIDER THE COURT'S ORDER PERMITTING AMENDMENT**

Pursuant to Federal Rule of Civil Procedure 60, Sandoz AG respectfully requests that this Court reconsider its November 19, 2024 Order (ECF No. 450) permitting Plaintiffs to amend and supplement the Complaint in *Connecticut, et al. v. Teva Pharmaceuticals USA, Inc. et al.*, 19-cv-710 ("*Teva*"). In that ruling, the Court considered the impact of two MDL Court orders. First, the Court concluded that the MDL Court's[1] Pretrial Order Number 153 (E.D. Pa., 2:16-md-2724-CRM, ECF No. 1648) ("PTO 153") was not a scheduling order setting a deadline to amend the complaint. Accordingly, it declined to apply Rule 16's more rigorous "good cause" requirement to Plaintiffs' motion, ultimately permitting Plaintiffs to amend the *Teva* Complaint under the more lenient Rule 15 standard.

Second, the Court concluded that the MDL Court's Pretrial Order Number 61 (E.D. Pa., 2:16-md-2724-CRM, ECF No. 775) ("PTO 61") was a scheduling order setting a deadline to amend the *Heritage* Complaint and applied the "good cause" standard set forth in Rule 16. The Court then found that Plaintiffs had not shown "good cause" for amendment and denied their

---

[1] At the time that PTO 153 was entered, the *Teva* action was consolidated with other similar actions in the MDL (16-2724) currently pending in the Eastern District of Pennsylvania before the Honorable Cynthia M. Rufe.

motion to amend the *Heritage* complaint. Given these divergent outcomes, it appears that the Court's decision to grant Plaintiffs' motion to amend the *Teva* complaint was driven by the conclusion that Rule 16's "good cause" standard did not apply. But, in a recent decision, the MDL Court concluded that PTO 153 was, in fact, a scheduling order, and applied the "good cause" standard to a motion to amend. In light of this clarification, reconsideration of the Court's Order interpreting PTO 153 is appropriate.

Although Local Rule 7(c) requires a motion for reconsideration to be filed within seven days of the filing of the order from which relief is sought, Sandoz AG could not have filed it within that time. *See* CT R USDCT L.Civ.R. 7(c). "On occasion, in the interest of justice, however, courts of this District have chosen to exercise their discretion to address untimely motions for reconsideration." *Jackson v. Post Univ., Inc.*, No. 3:08-CV-1810 CSH, 2012 WL 1189075, at *4 (D. Conn. Apr. 9, 2012) (considering motion to reconsider filed 42 days after challenged ruling, well outside the previous 14-day deadline required by the rule). Here, there is good cause for this filing outside of the deadline: the MDL Court did not issue its order clarifying PTO 153 until March 5, 2025. *See* E.D. Pa., 2:16-md-2724-CRM, ECF No. 3269.

In the March 5, 2025 ruling (the "MDL Court Order"), the MDL Court clarified PTO 153's meaning. The MDL Court, which issued PTO 153, found that it was indeed a scheduling order setting a deadline to amend complaints "filed or amended between September 1, 2019 and July 10, 2020." MDL Court Order, attached as Exhibit A, at 5. Based on that conclusion, the MDL Court applied the Rule 16 "good cause" standard and denied the motions to amend in covered actions for lack of good cause. *See id*.

The MDL Court's clarification that PTO 153 was a scheduling order that applied to actions like the *Teva* action (amended on November 1, 2019) was not available to this Court at the time of

2

its November 19, 2024 Order. In light of the MDL Court's recent, clarifying decision, Sandoz AG now files this Motion to prevent the injustice that would result from the inconsistent interpretation of PTO 153. Given the new clarity as to PTO 153's purpose, Plaintiffs should not be permitted to amend the *Teva* complaint where similarly-situated plaintiffs in the MDL Court were rightly denied leave to do the same.

I.  **BACKGROUND**

Plaintiffs filed the *Teva* action on May 10, 2019 in the District of Connecticut.[2] The action was transferred to MDL 2724 on June 4, 2019.[3] Plaintiffs then filed an amended complaint in the *Teva* action on November 1, 2019.[4]

Beginning in January of 2024, numerous MDL-plaintiffs moved to amend their complaints, seeking to add Sandoz AG and Novartis AG as defendants for the first time.[5] On April 3, 2024, the *Teva* Plaintiffs moved to amend the *Teva* Complaint.[6] Then, on April 19, 2024, while Plaintiffs' motion to amend was pending, the JPML remanded the *Teva* action to this Court.[7] On May 31, 2024, Plaintiffs moved to amend the *Heritage* Complaint. *See Connecticut et al v. Aurobindo Pharma USA, Inc. et al,* No. 16-cv-2056, ECF No. 475.

On November 18, 2024, this Court held oral argument on Plaintiffs' motions to amend the *Teva* and *Heritage* Complaints. *See* ECF Nos. 438, 439, and 442. During that hearing, this Court implied that there was a lack of clarity as to whether and how PTO 153 applied to the *Teva* action.

---

2  D. Conn., 19-cv-00710, ECF No. 1.
3  E.D. Pa., 2:19-cv-02407-CMR, ECF No. 10.
4  E.D. Pa., 2:19-cv-02407-CMR, ECF No. 106.
5  *See* Pretrial Order No. 267, E.D. Pa., 2:16-md-2724-CRM, ECF No. 2888 (setting deadlines for these motions for leave to file amended complaints).
6  E.D. Pa., 2:19-cv-02407-CMR, ECF No. 368.
7  D. Conn., 19-cv-00710, ECF No. 11.

3

*See* Hr'g Tr. at 11:1-3, Nov. 18, 2024, *Conn. v. Teva*, No. 3:19-cv-710, relevant pages attached as Exhibit B.

The next day, the Court issued its Ruling, finding, in part, that while PTO 153 applied to the *Teva* case, it did not set a deadline for amending the *Teva* Complaint. Therefore, the Court found that "Rule 15's liberal amendment policy . . . govern[s] the analysis." ECF No. 450 at 7. Applying Rule 15's more permissive standard, the Court granted Plaintiffs' motion to amend the *Teva* Complaint. *Id.* at 9.

Conversely, as to the *Heritage* Complaint, the Court found that the applicable order, PTO 61, set a "firm deadline" for amendment that had long passed. *Id.* at 3. Accordingly, the Court then applied the more rigorous good cause standard set in Rule 16, and found that Plaintiffs had not "shown adequate diligence" to justify amendment. *Id.* at 4. Thus, the Court denied Plaintiffs' motion to amend the *Heritage* Complaint. *Id.* at 9.

On March 5, 2025, the MDL Court ruled on the MDL-Plaintiffs' motions to amend. *See* Ex. A. Those motions also sought amendment to add Sandoz AG and Novartis AG as defendants. *See id.* at 2. The MDL Court, interpreting its PTO 153, concluded that it "established a deadline of December 15, 2020 for amendments and motions for leave to amend in ***cases filed or amended between September 1, 2019 and July 10, 2020.***" *Id.* at 5 (emphasis added). The MDL Court explained that:

> The Court intended PTOs 61 and 153 to set firm deadlines for motions to amend. ... Therefore, PTOs 61 and 153 are Rule 16 scheduling orders and Plaintiffs in the affected cases must meet the "good cause" standard before the Court "considers whether the party also meets Rule 15(a)'s more liberal standard" for amendment.

4

*Id.* Having concluded that the Plaintiffs failed to show "good cause" for their out-of-time amendments, the MDL Court denied amendment in the 11 cases that, like *Teva*, were filed or amended between September 1, 2019 and July 10, 2020. *Id.* at 6.

## II.     ARGUMENT

As stated above, the period for a motion for reconsideration has passed. Nonetheless, Federal Rule of Civil Procedure 60 permits courts to grant relief from a final judgment, order or proceeding to correct a "mistake [or] inadvertence," including inadvertent error of law, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Reconsideration under Rule 60 is warranted "when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (quotation marks omitted); *see also Kemp v. United States*, 596 U.S. 528, 533-34 (2022); *Ahmed v. Noem*, No. 24-1260, 2025 WL 428424, at *1 (2d Cir. Feb. 7, 2025) (noting that after *Kemp*, an inadvertent error may be the basis for a Rule 60(b)(1) motion). Sandoz AG respectfully submits that the relief sought here is appropriate under this standard.

### A.     The MDL Court's Order Clarifying PTO 153's Scope and Meaning Supports Reconsideration

In its November 18, 2024 Order, the Court necessarily had to interpret PTO 153. While this Court interpreted PTO 153 as not setting a deadline for amendment of the *Teva* Complaint, it openly wrestled with interpreting that Order. *See* Ex. B at 14:4-13 ("[T]he trouble I'm having with that is then [the MDL Court] – of course, later in January [the MDL Court] issues this order…It says 'This order applies to all amendments as of right or motions for leave to amend'…which, as I understand it, includes the *Teva* complaint.").

5

On March 5, 2025, contrary to the Court's November 18, 2024 Order, The MDL Court stated that PTO 153 "established a deadline of December 15, 2020 for amendments and motions for leave to amend in *cases filed or amended between September 1, 2019 and July 10, 2020.*" Ex. A at 5 (emphasis added). The MDL Court further stated that in entering PTO 153, it "intended . . . to set firm deadlines for motions to amend as well as other pretrial deadlines for the included cases" and "therefore . . . [PTO 153 was a] scheduling order[]." *Id*.

The information necessary for this Court to interpret PTO 153—namely the MDL Court's intent—was not readily available until the MDL Court issued its Order on March 5, 2025, nearly four months after the Court granted Plaintiffs leave to amend in the *Teva* action. Here, the *Teva* action was amended on November 1, 2019. Therefore, the MDL Court's Order compels the conclusion that the *Teva* Plaintiffs' motion to amend was filed years after the deadline contained in PTO 153, and thus subject to Rule 16's "good cause" standard.

Had the Court had the benefit of the March 5 MDL Court Order, it is likely that it would have applied the "good cause" standard to the *Teva* action and denied the motion to amend, as it did with the *Heritage* action. This would have been consistent with the JPML's order in remanding Plaintiffs' cases, where it directed that "the rulings of the transferee court will apply to the State Actions *absent a ruling to the contrary by the transferor court*." *In re Generic Pharms. Pricing Antitrust Litig*., 717 F. Supp. 3d 1361, 1370 (U.S. Jud. Pan. Mult. Lit. 2024) (emphasis added). Given the clarity provided by the MDL Court's Order, which was not available to this Court at the time of the Ruling, reconsideration is appropriate to ensure that inconsistent rulings do not result in manifest injustice.

Should this Court apply the "good cause" standard consistent with the MDL Court's interpretation of its order, denial of Plaintiffs' motion to amend is warranted. Indeed, this Court

found that Plaintiffs did not meet Rule 16's "good cause" standard when denying Plaintiffs' motion to amend the *Heritage* Complaint. *See* ECF No. 450 at 4. Thus, given that Plaintiffs failed to demonstrate "good cause" in almost identical circumstances, they cannot and have not demonstrated "good cause" for amendment in the *Teva* action.

### III. CONCLUSION

For the foregoing reasons, Sandoz AG respectfully requests that the Court reconsider its November 19, 2024 Ruling on Motion to Amend and Join Parties and denying Plaintiffs' leave to amend the *Teva* Complaint in light of the MDL Court's recent clarification of PTO 153's scope and meaning.

Dated: March 20, 2025

Respectfully submitted,

/s/ David L. Axelrod
David L. Axelrod (admitted *pro hac vice*)
Jason A. Leckerman (admitted *pro hac vice*)
Emilia L. McKee Vassallo (admitted *pro hac vice*)
Elizabeth P. Weissert (admitted *pro hac vice*)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
AxelrodD@ballardspahr.com
LeckermanJ@ballardspahr.com
McKeeVassalloE@ballardspahr.com
WeissertE@ballardspahr.com

*Attorneys for Sandoz AG*